IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOY TERRELL SMITH, | No. C 10-3684 SBA (PR) |
| Plaintiff, | **ORDER AFTER REMAND; AND DISMISSING NEGLIGENCE CLAIM WITHOUT PREJUDICE TO REFILING IN STATE COURT** |
| v. | |
| K. CRUSE, et al., | |
| Defendants. | |

## **INTRODUCTION**

Plaintiff Toy Terrell Smith, a state prisoner, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations which occurred at Pelican Bay State Prison ("PBSP").

On March 30, 2012, the Court granted summary judgment in favor of Defendants PBSP Correctional Counselors K. Cruse and D. Melton as well as PBSP Correctional Officer N. Navarro. Dkt. 41. Judgment was entered on the same date. Dkt. 42.

Plaintiff appealed the Court's March 30, 2012 Judgment. Dkt. 43.

On May 21, 2014, the Ninth Circuit Court of Appeals affirmed in part, reversed in part, and remanded the case for further proceedings. Dkt. 51. The Ninth Circuit affirmed this Court's grant of summary judgment in favor of Defendants Cruse, Melton and Navarro as to Plaintiff's federal claims, and affirmed the denial of Plaintiff's motion for appointment of counsel. Id. at 2-3. However, the Ninth Circuit determined that this Court "did not address [Plaintiff's] negligence claim against Cruse and Melton in either its summary judgement order or its screening order under 28 U.S.C. § 1915A." Id. at 3. Thus, it reversed and remanded "only for the district court to rule on [Plaintiff's] negligence claim." Id. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)).

On June 13, 2014, the Ninth Circuit issued its mandate. Dkt. 52.

On June 19, 2014, the Clerk of the Court issued a letter spreading the mandate to the parties, and it reopened this action. Dkt. 53.

For the reasons outlined below, the Court DISMISSES Plaintiff's negligence claim without prejudice to refiling in state court.

## DISCUSSION

On February 14, 2011, former District Judge Jeremy Fogel screened Plaintiff's complaint. Dkt. 6. Former Judge Fogel inadvertently failed to address Plaintiff's state law claim that Defendants' actions "constitute[d] the tort of negligence under state laws of California." Dkt. 1 at 15.[1] On September 28, 2011, the action was reassigned to the undersigned Judge, who then resolved the motion for summary judgment, which was pending at the time of reassignment. Dkts. 37, 41. Because neither party mentioned the unaddressed negligence claim in their papers in support of and in opposition to the motion for summary judgment, the undersigned Judge was not alerted to that state claim when it granted summary judgment as to Plaintiff's federal claims.

Under 28 U.S.C. § 1367, district courts have supplemental jurisdiction over state law claims that are so related to the federal claims in the action "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As discussed, there are no longer any pending related federal claims in the present action. Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's sole negligence claim and DISMISSES it without prejudice to refiling in state court. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court may decline to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c)(3) once it has dismissed all federal claims).

## CONCLUSION

In light of the foregoing, the Court DISMISSES Plaintiff's negligence claim without prejudice to refiling in state court.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

1  The Clerk shall also send a copy of this Order to the parties as well as to the Ninth
2  Circuit.
3  IT IS SO ORDERED.
4  DATED: 7/3/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\CR.10\Smith3684.remand&DismissNegligence.wpd     3